IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY GILLMAN, ESQUIRE | : | CIVIL ACTION |
| *as guardian ad litem for Aiden Pomper* | : | |
| | : | No. 23-3757 |
| v. | : | |
| | : | |
| AAA MID-ATLANTIC INSURANCE | : | |
| GROUP | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                        **April 22, 2024**

Plaintiff Jeffrey Gillman, as guardian ad litem for Aiden Pomper, brings this breach of contract and bad faith action against Defendant AAA Mid-Atlantic Insurance Group ("AAA") for denial of Pomper's underinsured motorist claim.[1] AAA moves to dismiss the bad faith claim for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Because Pomper has not sufficiently pled a plausible bad faith claim, the motion to dismiss will be granted without prejudice.

## BACKGROUND

On November 22, 2022, Pomper was crossing the street when Aaron Boyd struck him with his vehicle. Am. Compl. ¶ 4, ECF No. 4. At the time, Pomper had an active insurance policy issued by AAA which provided underinsured motorists coverage. *Id.* ¶ 6. On May 18, 2023, Pomper entered into a settlement agreement with Boyd's auto insurer in exchange for a release of all claims. *Id.* ¶ 9. AAA authorized Pomper to accept Boyd's settlement offer and waived subrogation on June 16, 2023. *Id.* ¶ 10.

---

[1] On February 12, 2024, this Court granted the Plaintiff's Motion to Substitute Jeffrey Gillman as guardian ad litem for Aiden Pomper. *See* ECF No. 13. For simplicity, the Court will refer to the Plaintiff as Pomper.

Pomper then filed an underinsured motorist claim with AAA. *Id.* ¶ 21. In response, AAA's adjuster requested documents to verify Pomper's address. *Id.* ¶ 22. Pomper sent AAA his medical reports, driver's license, and police report. *Id.* ¶ 23. Weeks passed by with no response from AAA. *Id.* ¶ 24. When Pomper followed up, AAA told him it needed bank statements as proof of address, which he provided. *Id.* ¶¶ 24-25. After further delay, Pomper followed up again and was told AAA also needed a utility bill, which Pomper also provided. *Id*. ¶¶ 26-27. Pomper followed up yet again after more delay, and was told "a coverage investigation was still ongoing." *Id*. ¶ 28. Pomper then provided his Social Security Administration statements as proof of address, but AAA "still refused to provide the contractual benefits." *Id*. ¶¶ 28-29.

On August 23, 2023, Pomper filed a Complaint against AAA for breach of contract (Count I) and bad faith (Count II) in the Philadelphia County Court of Common Pleas. Notice of Removal, Ex. A, ECF No. 1-1. AAA removed the case to this Court, and Pomper then filed an Amended Complaint. *See* ECF Nos. 1, 4. AAA now moves to dismiss Pomper's bad faith claim, which includes a prayer for punitive damages. Def.'s Mot. Dismiss 1, ECF No. 6-1.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Twombly*, 550 U.S. at 555. But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable

for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). In evaluating a motion to dismiss, this Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

At issue is the sufficiency of Pomper's bad faith claim in Count II. In the insurance context, bad faith refers to a "frivolous or unfounded refusal" to pay policy proceeds, which "imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing)." *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994) (citation omitted). To succeed on a bad faith claim, a plaintiff "must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim." *W.V. Realty, Inc. v. N. Ins. Co.*, 334 F.3d 306, 312 (3d Cir. 2003) (citation omitted). To withstand a motion to dismiss, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)). Further, a plaintiff "must describe with specificity what was unfair." *Id.* (citation omitted).

Bad faith actions are not limited to denials of coverage but "may also include a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims." *Snider v. State Farm Fire & Cas. Co.*, 644 F. Supp. 3d 141, 146 (E.D. Pa. 2022) (citation and internal quotation marks omitted). "In bad faith cases premised on an insurer's delay and failure to communicate, courts have generally only

inferred plausible knowledge or reckless disregard where the time periods of delay were much longer than six months." *Williams v. State Farm*, Civ. No. 21-0058, 2021 WL 2661615, at *4 (E.D. Pa. June 29, 2021) (citations omitted).

AAA argues Pomper's bad faith claim should be dismissed because he "has not alleged facts to explain how or why the Defendant acted unfairly or unreasonably." Def.'s Mot. Dismiss 9. The Court agrees. Pomper alleges AAA "failed to promptly evaluate" his claims for underinsured motorist benefits. *See* Am. Compl. ¶¶ 21. But he does not even explicitly state AAA's delay and lack of communication was unfair. *See id.* ¶¶ 21-31. And even if the Court reads Pomper's bad faith claim as premised on AAA's delay and lack of communication, Pomper still fails to plausibly allege a bad faith claim. He does not specify the date he submitted his claim, how long it took AAA to respond to his inquiries, or whether AAA actually denied his claim or is still investigating it. Meanwhile, AAA points out that only 68 days passed between the third-party settlement and the filing of the Complaint in this case. Def.'s Mot. Dismiss 10. As noted, courts have generally only inferred knowledge or reckless disregard where the delay extended much longer than six months. *See Williams*, 2021 WL 2661615, at *4. Here, Pomper filed his Complaint in less than three months. This period of delay is insufficient to raise a plausible inference of knowledge or reckless disregard.

Pomper otherwise alleges no specific actions or omissions by AAA to indicate AAA's failure to immediately pay Pomper's claim was done in bad faith. Pomper's conclusory allegation that AAA "failed to promptly evaluate" his claim is not sufficient to support his bad faith claim. Am. Compl. ¶ 21; *see also Smith*, 506 F. App'x at 137 ("[T]he failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith."). Because Pomper has failed to plausibly allege a bad faith claim, Count II must be dismissed.

4

Federal Rule of Civil Procedure 15(a) requires the Court to "freely give leave" to amend "when justice so requires." Because it is possible Pomper could plead additional facts to support a claim of bad faith, Count II will be dismissed without prejudice.

An appropriate Order follows.


BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.