IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY GILLMAN, Esquire,** | : | |
| as *guardian ad litem* for | : | |
| **Aidan Pomper** | : | CIVIL ACTION |
| *Plaintiff,* | : | No. 23-3757 |
| v. | : | |
| | : | |
| **AAA MID-ATLANTIC** | : | |
| **INSURANCE GROUP** | : | |
| *Defendant.* | : | |

## MEMORANDUM ORDER

AND NOW, this 9th day of October 2024, upon consideration of the Motion for Reconsideration of Plaintiff Jeffrey Gillman, Esquire, as *Guardian ad Litem* for Aidan Pomper (ECF 27), it is **ORDERED** that the Motion is **DENIED** for the following reasons.

The Court retains inherent jurisdiction over interlocutory orders, which may be revised at any time before entry of judgment. *See* Fed. R. Civ. P. 54(b). Plaintiff asks the Court to apply Rule 54(b) to reconsider its August 14, 2024 decision (ECF 25 and 26) which granted Defendant AAA Mid-Atlantic Insurance Group's Motion to Dismiss Plaintiff's bad faith claim.

Courts within this circuit differ on what standard to apply when reconsidering interlocutory orders. *See McCowan v. City of Phila.*, No. 19-3326, 2020 WL 6262182, at *2 (E.D. Pa. Oct. 23, 2020) (collecting cases). Some require parties seeking reconsideration to demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct

a clear error of law or fact to prevent manifest injustice." *Shields v. Wiegand*, No. 20-2999, 2023 WL 2955897, at *1 (E.D. Pa. Apr. 14, 2023) (citations omitted). Others ask whether reconsideration is "consonant with justice," a more lenient standard. *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). In either case, reconsideration does not provide "a second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *see also Qazizadeh*, 214 F. Supp. 3d at 295. Nor does it permit a party to assert new arguments that should have been "raised earlier." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (internal quotation and citation omitted); *see also Qazizadeh*, 214 F. Supp. 3d at 296.

Plaintiff argues his bad faith claim should be permitted to proceed because, "once [Defendant] finally admitted that Pomper was owed coverage based on residency, [Defendant] reversed [its] liability position solely to continue to deny payment." (ECF 27-1 at 3.) He argues that he has alleged facts that "clearly establish[ ] {Defendant's] dishonest purpose and the last piece of this factual puzzle, the reversal of liability position only upon learning that Pomper was, in fact, a resident, was not addressed in the Court's Opinion." (*Id.* at 4.) However, the allegations in the Second Amended Complaint do not support this timeline.

Contrary to Defendant's argument, there are no allegations in the Amended Complaint to show that Defendant ever "finally admitted that Pomper was owed coverage based on residency." (ECF 27-1 at 8.) Rather, Plaintiff's allegations show that Defendant's coverage determination was not temporally tied to its ongoing investigation into his residency.

2

Plaintiff alleges that Defendant "knew that the tortfeasor's insurance company accepted 100% liability for" the accident by April 21, 2023. (*Id.* at ¶ 22.) Nevertheless, as alleged in the Second Amended Complaint, Defendant's adjuster initially deemed the liability determination on his claim as "pending," and only assigned a "not at fault" liability code to Pomper's claim on June 9, 2023. (*Id.* at ¶¶ 33-34.) He alleges that Defendant then "denied Pomper coverage on July 20, 2023," although his Second Amended Complaint does not identify the basis given for the denial. (*Id.* ¶ 58.) Instead, Plaintiff alleges only that Defendant denied coverage "despite having no reasonable basis for that denial." (*Id.*)

Plaintiff also alleges that Defendant's adjuster began to investigate Pomper's residency on April 20, 2023, *i.e.*, "[a]t the time the claim was presented . . . ." (ECF 18 ¶¶ 21, 25.) Importantly, he also alleges that Defendant's investigation into Pomper's residency continued between April 20, 2023, and at least August 17, 2023, *i.e.*, almost a month *after* Defendant is alleged to have made its decision to deny coverage. (*See id.* ¶¶ 23, 25-31, 35-36, 42, 47.)  On these facts, and even under the more lenient standard for reconsideration, justice does not require reconsideration of the Court's prior decision to dismiss Plaintiff's bad faith claim. As the Court already explained, "[t]he Second Amended Complaint does not show that AAA 'lacked a reasonable basis' for investigating whether Pomper's residence precluded coverage under the policy issued to his mother." *Gillman v. AAA Mid-Atl. Ins. Grp.*, No. 23-3757, 2024 WL 3824861, at *5 (E.D. Pa. Aug. 14, 2024). It remains that Pomper has not alleged sufficient facts to state a plausible bad faith claim.

3

Plaintiff also asks the Court to reconsider its decision to dismiss his bad faith claim with prejudice. (ECF 27-1 at 4-5.) He argues that "it is anticipated that Plaintiff will elicit evidence showing that Defendant's adjuster reversed its liability position solely in an effort to avoid payment, without receiving any additional information regarding liability in the underlying accident." (*Id.* at 5.) The decision of whether to grant or deny leave to amend is within the Court's "sound discretion." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (citations omitted). Plaintiff has already twice amended his original Complaint. Speculative future discovery findings do not suffice to require the Court to permit further amendment now. If, and only if, discovery reveals sufficient evidence to support a plausible bad faith claim, Plaintiff may explain why further amendment is not futile in a renewed motion for reconsideration of the Court's determination to dismiss his claim with prejudice.

It is **FURTHER ORDERED** that the parties shall promptly confer consistent with Federal Rule of Civil Procedure 26(f) and submit a copy of their Rule 26(f) report via email (to Chambers_of_Magistrate_Judge_Arteaga@paed.uscourts.gov).

BY THE COURT:

---

**HON. JOSÉ RAÚL ARTEAGA**
*United States Magistrate Judge*
*Eastern District of Pennsylvania*